Chen v. Sessions, Case No. 17-1797. Good morning, Your Honors. May it please the Court, Thomas Masucci on behalf of my client, Haiyan Chen. Your Honors, in this case, I think we have to start with the recognition of the law that governs the error that was of concern to my client. And that is, it's actually in the regulation that, regarding the one-year filing deadline for asylum, that a change of law can constitute changed circumstances. This was raised during the merits hearing by my client's attorney at the time, pointing specifically to the development of case law in this circuit regarding future fear claims in connection with the coercive family planning policy of China. The difficulty is that it wasn't preserved on appeal to the BIA, and so there's an exhaustion problem. Well, I understand that, Your Honor. However, as I argued in my brief, I think the issue was clearly exhausted. And, in fact, I would go so far to argue that the board's looking now at the very first page of the board decision on page 3 of the record. The board's use of the language, the respondent has not meaningfully challenged the IJ's decision denying her asylum application. To me, it shows that the board clearly was on notice that this was raised. No, the board was on notice that the IJ had denied the application as untimely. The asylum application, that is, and then went on to the merits of the withholding application. And there was no appeal of the untimeliness issue. The two issues raised on appeal went to the substance of the asylum claim, which the board wouldn't get to unless you could overcome, or your client could overcome, the untimeliness. Well, Your Honor, one of the rationales for the exhaustion doctrine is agency expertise, the idea that the agency should have a crack at exploring the record and bringing its expertise to bear. Now, the government indicates in its brief that there was a failure to use the language one-year issue in the appellate brief to the board. And that is true. And I think if Ms. Chen's attorney had used the language one-year issue that we would be in a different situation than we are now. However, on... Well, it would have required more than that. It would have required actually addressing in substance the question of exceptions to an untimely filing. In other words, changed circumstances or extraordinary circumstances. But, Your Honor, again, as I pointed out in the brief, I believe that that was brought up and it was exhausted below. Again, I'm looking at page 36 of the record. This is the respondent's, my client's brief to the board. It notes these three 2013 decisions and argues that with the issuance of these recent decisions, the Seventh Circuit Court of Appeals has changed the case law, et cetera, et cetera. That's not changed country conditions. I understand that, but you don't need to have changed country conditions for the one-year filing to overcome the one-year filing deadline. Either changed conditions or extraordinary circumstances. Those are the exceptions. Well, but changed conditions as shown in HCFR 1208.4 can include, and I'm looking at 1208.4A4IB, changes in the applicant's circumstances that material effect the applicant's eligibility for asylum, including changes in applicable U.S. law. I would argue that the changes in this circuit's handling of future fear of coercive family planning cases is, in fact, a change in the law. And that's exactly the point that counsel was making below to the board. And if the board really does have this expertise, which it does, I would think that a mention of the IJ's clear error in failing to address the well-founded fear of future persecution based on this change in case law, in my opinion, that this is an issue and that there was, as far as my client's attorney was concerned, this was a problem with how the IJ handled the one-year issue. So I would respectfully argue that, notwithstanding the government's exhaustion argument, that this issue was articulated and the agency was clearly on notice. I would also note that the board precedent that is cited in footnote 1, matter of RAM, is absolutely inapposite to these facts. Matter of RAM involves a case where the alien did not appeal anything. There was actually a service appeal of a granted withholding of removal. There was no appeal of any issue. So to suggest that that somehow supports this, I would say, very vague notion of meaningful challenge is just unclear. Maybe it's disingenuous. I don't know. But it certainly doesn't support the government's position that failure to meaningfully challenge is a clear standard or that it's a standard that would apply to this case. I would respectfully ask this court to find that this issue was exhausted and that given the IJ's error in failing to rationally apply the regulation which acknowledges changes in applicable US law, which I would argue includes case law of the circuit, that the case should be remanded so that a proper standard for change of circumstances could be applied. And I think there would have to be additional fact-finding, but fact-finding in the context of the asylum context rather than withholding. All right. Thank you. You can reserve the rest of your time. Ms. Morinelli. Good morning. May it please the court. Lisa Morinelli on behalf of the Attorney General. The court should deny this petition for review because Chen only raises an argument that she did not exhaust before the Board of Immigration Appeals. In her brief to the board, Chen did not argue that her asylum application was timely filed or that she qualified for an exception to the one-year filing deadline. Because she failed to raise the issue, the board deemed that issue waived. Now, before this court, Chen's only argument is that she qualified for an exception to the one-year filing deadline. This court has repeatedly held that an applicant like Chen must exhaust all administrative remedies before raising an issue in this court. If the court were to review the one-year issue, it would have to speculate about which arguments Chen might have raised to the board as well as whether the board would have accepted those arguments. Because Chen failed to exhaust her administrative remedies as to the sole issue she raises before this court, the court should deny the petition for review. If there are no further questions? Apparently not. Thank you. Thank you, counsel. Mr. Masucci, anything further? Just to reiterate that the language in the brief before the board, I think, demonstrates that the issue was meaningfully brought to the attention of the board and exhausted. Is there nothing else? No? Any questions? Apparently not. Thank you, counsel. Our thanks to both counsel. The case is taken under advisement. And that concludes the calendar for today. The court is in recess.